CHRISTOPHER OKTOLLIK and
MCGARRETT JOHN,

             Plaintiffs,

         v.

FAIRBANKS CORRECTIONAL
CENTER,

             Defendant.

Case No. 4:25-cv-00056-SLG

## SCREENING ORDER

On November 12, 2025, self-represented prisoners Christopher James Evan Oktollik and McGarrett John filed a civil complaint and a request for exemption from the payment of the filing fee on a state court form.[1] Plaintiffs' Complaint alleges that the Fairbanks Correctional Center ("FCC") is overcrowded and on September 11, 2025 and October 20, 2025, they were housed in a small dorm with six prisoners that was only meant to house four inmates.[2] For relief, Plaintiffs seek $750,000 in damages and an order directing Defendants to stop violating their rights.[3] Plaintiffs also filed copies of the prison grievance forms that Plaintiff John submitted to the Department of Corrections ("DOC") related to his

---

[1] Dockets 1-2.

[2] Docket 1 at 5.

[3] Docket 1 at 5.

overcrowding claims.[4]

On February 16, 2026, Plaintiff Oktollik filed a motion for court-appointed counsel.[5] On March 9, 2026, Plaintiff Oktollik filed a motion requesting to be severed from this case.[6] Because a plaintiff may voluntarily withdraw from a case at this stage without an order from the Court, the motion is effective upon filing.[7] Plaintiff Oktollik's claims are therefore dismissed, and he is terminated from this case. The Court now screens the Complaint as to only Plaintiff John.

**I.**      **This action is deficient because Plaintiff did not include a fully completed Application to Waive Prepayment of the Filing Fee on the Court's form or a statement from his prison trust account for the past six months**

To properly commence a civil action, a prisoner litigant must file a complaint, a civil cover sheet, and either pay the filing fee and administrative fee, which totals $405.00, or file a completed application to waive prepayment of the filing fee on the District of Alaska's Form PS10.[8] Prisoner litigants must also include a statement from their prison trust account for the past six months.[9] Federal law only

---

[4] Docket 1-1.

[5] Docket 4.

[6] Docket 5.

[7] Fed. R. Civ P. 41(a)(1)(A)(i).

[8] Local Civil Rule 3.1.

[9] Local Civil Rule 3.1(c)(3).

Case No. 4:25-cv-00056-SLG, *John v. Fairbanks Correctional Center*
Screening Order
Page 2 of 16
Case 4:25-cv-00056-SLG    Document 6    Filed 03/19/26    Page 2 of 16

allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[10] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[11] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order to collect the $350.00 filing fee from Plaintiff's prisoner trust account.

Plaintiff's motion to waive the filing fee at **Docket 2 is DENIED** because it is not on the proper form and does not include the prisoner trust account statement. If Plaintiff elects to proceed with this case, then or before the date an amended complaint is filed, Plaintiff must also file a fully completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 and attach a copy of the statement for the last six months of Plaintiff's prisoner trust account. Alternatively, Plaintiff may pay the $350 filing fee and the $55 administrative fee, a total of $405, at this time.

## II. Screening Requirement

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[12] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

---

[10] 28 U.S.C. § 1915(a)-(b).

[11] 28 U.S.C. § 1915(b)(1), (2).

[12] 28 U.S.C. §§ 1915, 1915A.

Case No. 4:25-cv-00056-SLG, *John v. Fairbanks Correctional Center*
Screening Order
Page 3 of 16
Case 4:25-cv-00056-SLG    Document 6    Filed 03/19/26    Page 3 of 16

<blockquote>

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.[13]

</blockquote>

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[14] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[15] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[16] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[17]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and

---

[13] 28 U.S.C. § 1915(e)(2)(B).

[14] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[15] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[16] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[17] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

an opportunity to file an amended complaint, unless to do so would be futile.[18] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[19]

### III.    Plaintiff can only represent his own interests

A non-attorney self-represented litigant can represent only his own interests,[20] and has "no authority to appear as an attorney for others than himself."[21] To the extent Plaintiff is attempting to assert that the rights of other inmates have been violated, the Complaint is deficient.  Any amended complaint must only assert claims of Plaintiff John only.

### IV.    Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or

---

[18] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[19] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[20] 28 U.S.C. § 1654.

[21] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

federal statute.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

### A.    Plaintiff cannot bring claims against FCC

A defendant in a civil rights lawsuit must be a "person."[26] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the Alaska Department of Corrections ("DOC") and its facilities—from being sued in federal court unless the state has waived its immunity.[27] The State of Alaska has not waived its immunity for civil rights claims alleging violations of the federal Constitution in federal court. FCC is a prison facility operated by DOC, and therefore, cannot be sued in federal

---

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] 42 U.S.C. § 1983.

[27] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

Case No. 4:25-cv-00056-SLG, *John v. Fairbanks Correctional Center*
Screening Order
Page 6 of 16
Case 4:25-cv-00056-SLG    Document 6    Filed 03/19/26    Page 6 of 16

court. Therefore, Plaintiff's Complaint is DISMISSED. However, Plaintiff is accorded leave to file an amended complaint that names the individual defendant(s) that Plaintiff is alleging personally violated Plaintiff's constitutional rights.

### B. Plaintiff must name individual defendants

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[28] A supervisory government official can only be held individually liable under Section 1983 when the supervisor's own misconduct caused an alleged constitutional deprivation.[29] For a supervisor to be liable in his or her individual capacity under Section 1983, the supervisor must have personally participated in the constitutional violation, or there must be a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[30]

### C. Conditions of Confinement

---

[28] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[29] *See Iqbal*, 556 U.S. at 676, 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

[30] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

Case No. 4:25-cv-00056-SLG*, John v. Fairbanks Correctional Center*
Screening Order
Page 7 of 16
Case 4:25-cv-00056-SLG     Document 6     Filed 03/19/26     Page 7 of 16

Plaintiff appears to be a pretrial detainee,[31] so his claims challenging his conditions of confinement must be brought under the Due Process Clause of the Fourteenth Amendment.[32] To state a Fourteenth Amendment conditions of confinement claim, a plaintiff must plausibly allege facts to support each of the following elements for each named defendant: First, the defendant made an intentional decision regarding the conditions under which the plaintiff was confined. Second, the conditions of confinement put the plaintiff at substantial risk of suffering serious harm. Third, the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable correctional official under the circumstances would have understood the high degree of risk involved–making the defendant's conduct objectively unreasonable and the consequences of the defendant's conduct obvious. Fourth, by not taking such measures, the defendant caused the plaintiff's injuries.[33]

"The Constitution 'does not mandate comfortable prisons,'"[34] and "conditions of confinement may be, and often are, restrictive and harsh[.]"[35] An alleged failure

---

[31] Plaintiff's Complaint indicates he is a "state prisoner unsentenced." Docket 1 at 4.

[32] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

[33] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.34 (Particular Rights—Fourteenth Amendment—Pretrial Detainee's Claim re Conditions of Confinement/Medical Care) and the cases cited therein.

[34] *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)),

[35] *Morgan v. Morgensen,* 465 F.3d 1041, 1045 (9th Cir. 2006).

Case No. 4:25-cv-00056-SLG, *John v. Fairbanks Correctional Center*
Screening Order
Page 8 of 16
Case 4:25-cv-00056-SLG     Document 6     Filed 03/19/26     Page 8 of 16

to follow a prison policy does not, standing alone, establish a federal constitutional violation.[36] A pretrial detainee must allege facts demonstrating that each defendant's acts or omissions deprived the plaintiff of "the minimal civilized measures of life's necessities."[37] This requires the inmate to demonstrate "conditions posing a substantial risk of serious harm" that present an "excessive risk to [his] health or safety."[38]

Plaintiff claims he has neem housed in a small dorm without adequate personal space. Plaintiff is accorded leave to amend this claim. Any such claim must be solely with respect to Plaintiff's housing; it must describe the conditions of his housing; the dates of that housing; why that housing was constitutionally inadequate; and who was responsible for making the decision about Plaintiff's housing.

## V.     Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety. While the Court may consider documents attached to the complaint, all necessary information must be included within the body of the amended complaint itself.

---

[36] *See Case v. Kitsap County Sheriff's Dep't,* 249 F.3d 921, 930 (9th Cir. 2001) (*quoting Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right ....").

[37] *Farmer,* 511 U.S. at 834.

[38] *Farmer*, 511 U.S. at 834, 837.

Although Plaintiff is being given an opportunity to file an amended complaint, an amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits.

An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended complaint.[39] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that amended complaint

---

[39] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00056-SLG, *John v. Fairbanks Correctional Center*
Screening Order
Page 10 of 16
Case 4:25-cv-00056-SLG    Document 6    Filed 03/19/26    Page 10 of 16

on Defendant. Plaintiff must not attempt to serve a Defendant until the Court so orders.

### VI. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[40] The "three strikes" provision is "designed to filter out the bad claims and facilitate consideration of the good."[41] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full $405.00 filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he was under imminent danger of serious physical injury, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[42] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[43] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[44]

---

[40] 28 U.S.C. § 1915(g).

[41] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[42] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[43] *Andrews,* 493 F.3d at 1056 (cleaned up).

[44] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if

Case No. 4:25-cv-00056-SLG, *John v. Fairbanks Correctional Center*
Screening Order
Page 11 of 16

**IT IS THEREFORE ORDERED:**

1. Plaintiffs' Complaint is **DISMISSED.**

2. Plaintiffs' motion to waive the filing fee at **Docket 2 is DENIED** because it is not on the proper form and does not include the prisoner trust account statement.

3. Plaintiff Oktollik's motion to be severed from this case at **Docket 5 is GRANTED.** The case caption is amended as set forth in this order to identify only McGarrett John as a plaintiff.

4. Plaintiff Oktollik's motion for court-appointed counsel **at Docket 4 is DENIED as moot.**

5. Plaintiff John is accorded **60 days from the date of this order** to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

---

the danger existed at the time the prisoner filed the complaint.").

Case No. 4:25-cv-00056-SLG*, John v. Fairbanks Correctional Center*
Screening Order
Page 12 of 16
Case 4:25-cv-00056-SLG    Document 6    Filed 03/19/26    Page 12 of 16

6. If Plaintiff John does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

7. If a case is dismissed for failure to state a claim, it will count as an additional strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[45]

8. Should Plaintiff John elect to proceed with this case, **on or before the date the amended complaint is filed**, he must either pay the filing fee and administrative fee, a total of $405.00, or file a completed and signed prisoner application to waive prepayment of the filing fee on District of Alaska Form PS10 with an attached statement from Plaintiff's prison trust account for the six months preceding the filing of the application.

9. Federal law only allows the Court to waive a prisoner's *prepayment* of the filing fee. If Plaintiff files an application to waive prepayment of the filing fee that is granted by the Court, the Court will issue a separate order for the collection of the $350 filing fee directly from Plaintiff's prisoner trust account, and Plaintiff will remain obligated to incrementally pay the $350 filing fee until it is paid in full,

---

[45] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

regardless of the outcome of the action.[46]

10. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee and the administrative fee, a total of $405, or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[47] Failure to comply may result in dismissal of this action.

11. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[48] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

12. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document

---

[46] 28 U.S.C. § 1915(b)(1), (2).

[47] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[48] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

was filed. However, **litigants should not send the Court important original documents or documents that cannot be replaced.**[49] Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[50] In the event of special circumstances or serious financial need, a litigant may ask for the copying costs to be waived or reduced, but must do so **prior to** accruing charges.

13. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[51] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

14. With this order, the Clerk is directed to send: (1) Form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) Form PS10, Prisoner's application to waive

---

[49] If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

[50] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

[51] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

prepayment of the filing fee; (3) Form PS09, Notice of Voluntary Dismissal; and (4)

Form PS23, Notice of Change of Address.

DATED this 19th day of March 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00056-SLG, *John v. Fairbanks Correctional Center*
Screening Order
Page 16 of 16
Case 4:25-cv-00056-SLG    Document 6    Filed 03/19/26    Page 16 of 16